UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

FEB 1 8 1994

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

MIDSHIPMAN LANCE BARNES, et al., )
                                 )
                Plaintiffs,      )
                                 )
        v.                       )     Civil Action No. 94-0261 (HHG)
                                 )
JOHN H. DALTON, SECRETARY        )
OF THE NAVY, et al.,             )
                                 )
                Defendants.      )
_____)

**DEFENDANTS' OPPOSITION TO MOTION
FOR EVIDENTIARY HEARING AND DISCOVERY ON
PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER**

Plaintiffs, forty-eight midshipmen at the United States Naval Academy, filed this lawsuit on Thursday, February 10, 1994, seeking a temporary restraining order and preliminary and permanent injunctive relief to prevent an Honor Review Board convened by the Chief of Naval Operations from hearing their cases arising out of the compromise of the Fall 1992 Electrical Engineering 311 final examination. Hearings before the Honor Review Board were scheduled to commence on Tuesday, February 15, and plaintiffs' request for a TRO was initially scheduled to be heard on February 14.

In order to permit defendants to file papers in response to plaintiffs' request for extraordinary injunctive relief and to allow the Court time to resolve that request in an informed manner, the parties agreed to a brief eight-day postponement of the Honor Review Board hearings until Wednesday, February 23, with defendants' papers due on February 16, plaintiffs' reply due on February 18, and oral argument scheduled for February 22 before this Court. A stipulation to that effect was filed by

6

counsel.  Defendants filed and hand-served their papers on plaintiffs' counsel on the evening of February 16, pointing out inter alia that plaintiffs' claims are premature and unripe for adjudication and should be dismissed.

Now, in reaction to defendants' papers and prior to filing their reply, plaintiffs approach this Court in a transparent attempt to derail these proceedings further, seeking another delay of ten days (in effect, a TRO), "limited" discovery in support of their motion, and an evidentiary hearing.  The basis for this latest request for another postponement is purported factual questions in connection with defendants' declarations concerning who in the Navy determined not to prosecute plaintiffs criminally or by courts-martial, and concerning the fact that the Navy has decided to permit counsel to accompany midshipmen in the hearing room (an additional benefit to plaintiffs and other midshipmen involved in these cases).[1]  These factual "questions" are not relevant questions at all, however, and plaintiffs should not be permitted to manufacture an excuse to take discovery or burden the Court with an "evidentiary" hearing, or to delay this Court's consideration of this matter in accordance with the parties' agreement.

First, it is wholly irrelevant who determined not to proceed with criminal or courts-martial proceedings.  The important point

---

[1]  Plaintiffs should not be heard to complain of belated insertion of factual issues.  Although as we explain below the defendants' papers do not create material factual disputes, plaintiffs themselves submitted additional declarations in an unscheduled supplemental filing on Wednesday, February 16.

2

is that the Navy by its declarations and by representation in its papers has so determined. Plaintiffs do not dispute that determination, and no plaintiff has come forward to assert that he or she is the subject of courts-martial or criminal proceedings. The Chief of Naval Operations, Admiral Kelso, as the senior naval officer in the Department of the Navy, has determined that no courts-martial or criminal charges will be pursued against the plaintiffs or any other midshipmen involved in these cases. Through the papers filed in this case, the Secretary of the Navy has confirmed that fact. Thus, there is no material factual dispute requiring discovery or an evidentiary hearing.

Moreover, plaintiffs' asserted discrepancy is easily answered by timing. The Naval Inspector General's Report merely recites the Superintendent's view of how to proceed as of January 1993, while the CNO has made it clear in his recent declaration that he, as the senior military officer in the Navy, has decided not to pursue courts-martial or criminal proceedings in these cases.

Second, plaintiffs' purported issue over the fact that counsel will be permitted to accompany midshipmen in the hearing room scarcely warrants discussion. That plaintiffs raise this at all is surprising, since it is a benefit to them for which they have argued. But more fundamentally, it is not a factual "question." In reviewing procedures for the Honor Review Board, the Navy has determined to afford the midshipmen involved the

3

additional right to have counsel present in the hearing room.
Defendants' declarations and papers make this clear, and
plaintiffs do not contest it.  Accordingly, there is no need for
discovery or an evidentiary hearing on this point, since it is
not in dispute.

Consequently, there is no basis for altering the schedule
established by the parties and approved by the Court.  It is also
important that the Honor Review Board hearings proceed as
scheduled on Wednesday, February 23, for the reasons explained in
our papers.  We can only speculate what has compelled plaintiffs
to retreat from their agreement and seek to put off this matter,
but plainly there are no "controverted facts" (plaintiffs'
motion, p. 3) that require further delay, discovery or an
evidentiary hearing.[2]  We have offered the plaintiffs an
additional day to prepare their reply papers under the
stipulation filed February 14, so that plaintiffs' reply will be
filed and hand-served on defendants by 6:00 p.m. Saturday,
February 19.  The hearing on plaintiffs' request for a
preliminary injunction can and should go forward as scheduled on
February 22.

WHEREFORE, defendants submit that plaintiffs' motion for an
evidentiary hearing and discovery should be denied.  Moreover,
plaintiffs' instant request for a further delay in the Honor

---

[2]  Indeed, Local Rule 205(d) states that considerations of
undue delay, waste of time, or needless presentation of
cumulative evidence militate against allowing testimony at
preliminary injunction hearings.  All of those considerations
argue against plaintiffs' request for an evidentiary hearing.

Review Board hearings beyond Wednesday February 23 should be denied.  The Court should, as the parties stipulated and the Court approved, hear that request as a motion for a preliminary injunction on Tuesday, February 22.  For the Court's convenience, defendants have attached a proposed order.

Respectfully submitted,

OF COUNSEL:

LT COL PATRICK GALLAHER
  USMC
LCDR RUSS SHAFFER
  JAGC, USN
LCDR ROBERT METCALFE
  JAGC, USNR
LCDR DELORA KENNEBREW
  JAGC, USNR
LT SUSAN STEWART
  JAGC, USNR

ERIC H. HOLDER, JR., DC Bar #303115
United States Attorney

JOHN D. BATES, DC Bar #934927
Assistant United States Attorney

R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney

MICHAEL J. RYAN, DC Bar #130294
Assistant United States Attorney

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Defendants' Opposition to Motion for Evidentiary Hearing and Discovery on Plaintiffs' Motion for a Temporary Restraining Order, and a proposed Order, was hand-delivered to:

>   Charles W. Gittins, Esq.
>   Williams & Connolly
>   725 12th Street, N.W.
>   Washington, D.C. 2005

on this 18th day of February 1994.

JOHN D. BATES, DC Bar # 934927
Assistant United States Attorney
Judiciary Center Bldg., Rm. 10-102
555 4th Street, N.W.
Washington, D.C. 20001
(202) 514-7151