FILED
FEB 23 1994
CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MIDSHIPMAN LANCE BARNES, )
et al.,                  )
                         )
         Plaintiffs,     )
                         )
    v.                   )   Civil Action No. 94-261 HHG[1]
                         )
JOHN H. DALTON, SECRETARY OF )
THE NAVY, et al.,        )
                         )
         Defendants.     )

ORDER

This matter is before the Court on plaintiffs' motion for a temporary restraining order, and on defendants' motion to dismiss.[2] Upon consideration of the arguments made at the hearing held on February 22, 1994, and on the entire record, the Court grants defendants' motion to dismiss, and thereby denies the motion for injunctive relief as moot.

Plaintiffs seek an order enjoining defendants from convening an Honor Review Board designed to review allegations of cheating on the Fall 1992 Electrical Engineering 311 final examination. Honor Review Board hearings are scheduled to commence on February 24, 1994. Their purpose is to determine, among a broad range of alternatives, whether any plaintiffs should be recommended for separation from the United States Naval Academy.

Plaintiffs challenge the Honor Review Board on four separate grounds. First, they contend that this procedure violates the

---

[1] This case initially was assigned to Judge Harold Greene. Due to his absence from the country, however, the undersigned, as motions judge, has had responsibility for this case.

[2] The parties agreed to treat plaintiffs' motion as an application for a preliminary injunction.



statutory procedures in 10 U.S.C. § 6962 for separating a midshipman from the Naval Academy. Section 6962 specifies that "(a) [t]he Superintendent of the Naval Academy shall submit to the Secretary of the Navy in writing a full report of the facts -- (1) whenever the Superintendent determines that the conduct of a midshipman is unsatisfactory . . . ." Under the procedures currently in effect, however, it is the Chief of Naval Operations (the "CNO"), rather than the Superintendent, who may submit a report recommending separation to the Secretary of the Navy. Plaintiffs argue that this change constitutes an attempt to rewrite the statute governing the separation of midshipmen. The Court disagrees. The Superintendent, for several reasons, has recused himself from his traditional role under § 6962. The Court fails to see how the substitution of a superior officer, here the CNO, due to his subordinate's recusal from the process is impermissible.[3] Therefore, the Court dismisses this portion of plaintiffs' challenge pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiffs next contend that the creation of the Honor Review Board in substitution of the Honor Concept is in itself a constitutional violation. Specifically, plaintiffs argue that defendants' failure to abide by its own regulations, here the Honor Concept, violates due process. See United States ex rel. Accardi

---

[3] Counsel for plaintiffs took the position at oral argument that the Superintendent's subordinate, the Commandant, could, in cases of recusal, perform the Superintendent's statutory role. Counsel did not explain, however, why the substitution of a superior officer, but not a subordinate, would violate this statutory provision.

v. Shaughnessy, 74 S. Ct. 499 (1954). Defendants respond, however, and the Court agrees, that Accardi and its progeny are inapposite. The creation of the Honor Review Board by the CNO constituted a lawful rescission by a superior officer of a regulatory process created by a subordinate.[4] Thus the Honor Review Board, and not the Honor Concept, is the current administrative structure for addressing the relevant alleged honor violations by the affected midshipmen. Plaintiffs do not assert that defendants have failed to abide by this regulation. Therefore, the Court dismisses this portion of plaintiffs' challenge pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiffs' final two challenges are that the procedures to be used by the Honor Review Board violate due process, and that the failure of investigators to provide plaintiffs (and others similarly situated) with Article 31 warnings violated both Article 31 of the Uniform Code of Military Justice and the Fifth Amendment. The Court finds that neither of these claims is ripe for resolution. See, e.g., Abbott Labs. v. Gardner, 87 S. Ct. 1507 (1967); Eagle-Picher Indus., Inc. v. United States EPA, 759 F.2d

---

[4] The Court finds that the CNO's revocation of the Honor Concept was neither arbitrary nor unreasonable, and thus did not exceed his power to rescind the regulations of his subordinate. Cf. Nader v. Bork, 366 F. Supp. 104, 108-09 (D.D.C. 1973)(finding that the Acting Attorney General's abolishment of the Office of Watergate Special Prosecutor and reinstatement thereof less than three weeks later under a virtually identical regulation was "a ruse to permit the discharge of [the special prosecutor] without otherwise affecting the Office of Special Prosecutor . . ."). Rather, the creation of the Honor Review Board in response to the findings of the Navy Inspector General was both proper and necessary.

905, 915-19 (D.C. Cir. 1985). These issues are not purely legal, and no proceeding of a "criminal" nature is either pending or contemplated. Rather, because further factual development is needed to determine both whether plaintiffs have specific due process challenges to the procedures used and whether any self-incriminating statements will be used against plaintiffs in a criminal proceeding, they are not fit for judicial decision in this forum at this time. Nor will plaintiffs endure substantial hardship from having to participate in the Honor Review Board process. Because it cannot now be determined whether the Honor Review Board will recommend separation for any particular plaintiff, plaintiffs presently face "no irremediable adverse consequences." Randall v. Meese, 854 F.2d 472, 481 (D.C. Cir. 1988), cert. denied, 109 S. Ct. 3186 (1989). Therefore, the Court dismisses these portions of plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(1). Accordingly, it hereby is

ORDERED, that defendants' motion to dismiss is granted. It hereby further is

ORDERED, that plaintiffs' motion for a temporary restraining order (treated as a motion for a preliminary injunction) is denied as moot.

SO ORDERED.

/s/ Stanley S. Harris
Stanley S. Harris
United States District Judge

Date: FEB 23 1994